**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**AMERICAN TRANSPORTATION**                                       **PLAINTIFF**
**GROUP INSURANCE RISK
RETENTION GROUP, INC.**

**V.**                                                  **NO. 4:23-CV-134-DMB-DAS**

**WIGGINS FREIGHT, LLC;
CEDRIC WIGGINS; MARCUS
WIGGINS; and CORLIEUS MOSS**                                     **DEFENDANTS**

**ORDER**

On July 21, 2023, American Transportation Group Insurance Risk Retention Group, Inc., ("ATGI") filed a complaint in the United States District Court for the Northern District of Mississippi against Wiggins Freight, LLC, Cedric Wiggins, Marcus Wiggins, and Corlieus Moss.[1] Doc. #1. On September 9, 2023, Moss filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #4. Two days later, ATGI filed an amended complaint against the same defendants.[2] Doc. #6. On September 25, 2023, Moss filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #10.

"[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). When a motion to dismiss

---

[1] The complaint sought a declaratory judgment regarding the extent of coverage under an insurance policy ATGI issued to Wiggins Freight regarding a civil action Moss filed in the Circuit Court of Grenada County, Mississippi, against Wiggins Freight, Cedric, and Marcus. Doc., #1 at 2.

[2] Federal Rule of Civil Procedure 15(a)(1) authorizes a party to amend a pleading "to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

has been filed against a superseded complaint, the proper course is to deny the motion to dismiss as moot. *See Sartori v. Bonded Collect Servs.*, No. 2:11-cv-30, 2011 WL 3293408, at *1 (N.D. Miss. Aug. 1, 2011) ("The defendant's March 26, 2011 motion to dismiss for lack of personal jurisdiction should be denied as moot since the plaintiff filed an Amended Complaint subsequent to the filing of the first motion to dismiss."); *Fit Exp., Inc. v. Circuit-Total Fitness*, No. 1:07-cv-62, 2008 WL 4450290, at *1 (N.D. Miss. Sep. 29, 2008) ("Because Plaintiff's Counterclaims were amended, Defendants' previously filed Motion to Dismiss … is denied as moot."). Because ATGI's amended complaint does not reference or incorporate its original complaint and thus supersedes its original complaint, Moss' motion to dismiss the original complaint [4] is **DENIED as moot**.

In violation of Local Rules 7(b)(2)(B) and 7(b)(4), Moss' motion to dismiss the amended complaint exceeds four pages, contains legal argument and citations to case law, and is not accompanied by a memorandum brief in support of the motion. *See* Doc. #10. Due to these procedural deficiencies, Moss' motion to dismiss the amended complaint [10] is **DENIED without prejudice**. Within fourteen (14) days of this order, Moss may refile the motion to dismiss the amended complaint in accordance with the Local Rules.

**SO ORDERED**, this 3rd day of October, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**